343 F.Supp. 43 (1972)
In the Matter of Robert Charles SHELTON, Bankrupt.
No. 71 B 452(1).
United States District Court, E. D. Missouri, E. D.
May 12, 1972.
David R. Spitznagel, St. Louis, Mo., for petitioner Robert Charles Shelton, Bankrupt.
Jack J. Muehlenkamp, St. Louis, Mo., for Raymond Erwin.
Edwin J. Gasaway, St. Louis, Mo., trustee, Curtis L. Mann, St. Louis, Mo., for trustee.

MEMORANDUM OPINION AND ORDER
MEREDITH, Chief Judge.
This matter is before the Court on a petition for review of an order of the Referee in Bankruptcy.
The following facts are substantially undisputed. On August 12, 1970, the bankrupt purchased a 1969 Pontiac automobile from petitioner, Raymond Erwin, and on that date both parties executed a document referred to as a "bill of sale" on the billing stationery of "Ray Erwin Welder Sales", and the bankrupt filed and signed an Application for Missouri Title showing bankrupt as the owner and designating Erwin as the holder of the first lien. Both Erwin and the bankrupt testified that they intended that a lien attach to the automobile in favor of Erwin. On September 1, 1970, the State of Missouri issued its Certificate of Title No. 8900199 on the 1969 Pontiac again showing petitioner as the first lienholder. The bankrupt made regular monthly payments to petitioner and was current with his payments at the time of bankruptcy, March 12, 1971.
Subsequent to bankruptcy, the trustee filed petitions for turnover orders against Erwin and the bankrupt, praying that the Referee order Erwin and the bankrupt to turn over the automobile in question to the trustee.
On February 1, 1972, the Referee ordered Erwin and the bankrupt to turn over the automobile to the trustee on the grounds that Erwin did not hold a valid lien on it.
It is the opinion of this Court that the decision of the Referee must be reversed.
*44 This Court finds that both Erwin and the bankrupt intended to create a lien on the automobile in favor of Erwin. The document referred to as the "bill of sale" describes the automobile, sets out the terms of payment, provides the bankrupt shall insure the automobile until he has paid for it in full, and is signed by both parties. In addition, the bankrupt signed the Application for Missouri Title, which designates a first lien in favor of Erwin. This Court holds that under the facts and circumstances of this case, the above documents satisfy the modest requirements of a written security agreement under the Uniform Commercial Code, thereby giving petitioner Erwin a valid security interest in the automobile.
Furthermore, the application for title and certificate of title designating Erwin as the first lienholder, served as notice to any third party that a lien existed in favor of petitioner. Given this, and the fact that there was a good faith attempt to create a lien by these parties, it would be extremely inequitable to conclude that no lien existed.